UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| MICHAEL GARBER, | ) | CASE NO. 1:12 CV 1081 |
| Petitioner, | ) ) ) | JUDGE DONALD C. NUGENT |
| v. | ) ) | |
| WARDEN, Marion Correctional Institution, | ) ) | MEMORANDUM OF OPINION AND ORDER |
| Respondent. | ) ) | |

On May 1, 2012, petitioner *pro se* Michael Garber filed the above-captioned habeas corpus action under 28 U.S.C. § 2254. Garber is incarcerated in an Ohio penal institution, having been convicted in 2006, pursuant to a guilty plea, of gross sexual imposition and rape. He asserts his trial counsel was ineffective for failing to advise him he could appeal his sentence. For the reasons stated below, the petition is denied and this action is dismissed.

The petition reflects that Garber filed motion for delayed appeal in 2011, almost five years after he pleaded guilty, but the motion was denied. Although the petition is silent concerning the reason the Ohio Court of Appeals denied him a delayed appeal, this court must assume it was because petitioner failed to make the requisite showing of adequate reasons for the delay or otherwise failed to comply with Ohio Appellate Rule 5. *See, Simpson v. Sparkman*, 94 F.3d 199, 203 (6th Cir. 1996). Petitioner was thus procedurally barred from raising his claims in the state court. *Stone v. Moore*, 644 F.3d 342, 348 (6th Cir. 2011).

If a procedural bar in the state court exists, this court will not consider the claims unless

petitioner establishes adequate cause to excuse his failure to raise the claims and actual prejudice to him. *Riggins v. McMackin*, 935 F.2d 790, 793 (6th Cir. 1991)(citing *Murray v Carrier*, 477 U.S. 478, 488 (1986)); *see also, Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1990). No such showing is reasonably suggested by the petition.

Further, even absent Garber's procedural default, his petition is patently untimely under 28 U.S.C. § 2244(d)(1), which places a one year limit to file a habeas action after the conviction becomes final. His 2011 motion for delayed appeal - unavailing because of its untimeliness - cannot "retrigger" the statute of limitations for bringing a federal habeas action. *Searcy v. Carter*, 246 F.3d 515 (6th Cir. 2001). Further, none of the other circumstances set forth in 28 U.S.C. § 2244(d)(1) is claimed to apply, and there is no suggestion of any other basis for tolling the one year statute of limitations. Therefore, the petition would be subject to dismissal as time-barred in any event.

Accordingly, the petition is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

/s/ Donald C. Nugent 9/28/12
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE